UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE TEAMSTERS UNION NO. 142 PENSION FUND, TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 TRAINING AND APPRENTICESHIP TRUST FUND, and TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 ANNUITY FUND COUNCIL OF ROOFERS HEALTH AND WELFARE FUND, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 2:15-CV-98 |
| v. | ) ) | |
| SOLID ASA ROCK TRUCKING, INC., | ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is Plaintiffs' ("Teamsters No. 142") Motion for Default Judgment against Defendant Solid Asa Rock Trucking, Inc. ("Solid Asa"). Because Solid Asa has failed to plead or defend, Teamsters No. 142's Motion for Default Judgment is **GRANTED** and Teamsters No. 142 is awarded $102,525.71.

## BACKGROUND

Teamsters No. 142 filed its complaint on March 16, 2015, [DE 1], bringing claims under 29 U.S.C. §§ 1132(a)(3), (e)(1), and (f) of the Employment Retirement Income Security Act ("ERISA"). The complaint alleges Solid Asa failed to contribute requisite funds to Teamsters No. 142's Pension, Annuity, and Training and Apprenticeship funds from May 2014 to December 2014. [*Id.*] Solid Asa's Registered Agent was served with the complaint

by certified mail on March 18, 2015. [DE 4.] After Solid Asa failed to answer by the April 8 due date, Teamsters No. 142 moved for default entry on April 10; the clerk entered Solid Asa into default on April 13. [DE 5, 6.] Teamsters No. 142 moved for default judgment on May 5, 2015, [DE 7, 8], mailing its motion to Solid Asa's Registered Agent the same day [DE 7]. Solid Asa has failed to appear, plead, or otherwise defend.

## DISCUSSION

I may enter default judgment under Rule 55(b)(2) once the clerk has entered a default against the defendant under Rule 55(a). *E.g.*, *Wolf Lake Terminals v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed.R.Civ.P. 55(a). This entry is recognition of the fact that a party is in default for a failure to comply with the rules. Since the Clerk has already entered default against Defendant here [DE 6], I may enter a default judgment under Rule 55(b)(2).

While Federal Rule of Civil Procedure 55(b) gives district courts the power to enter default judgment, they must exercise discretion when doing so. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993); *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003). "As a general rule, a default judgment establishes, as a matter of law, that defendant[] [is] liable to plaintiff as to each cause of action alleged in the complaint." *O'Brien*, 998 F.2d at 1404 (citation and internal quotation marks omitted). All well-pled allegations in the complaint are presumed true when ruling on default judgment. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). Thus, if the complaint establishes the requisite elements of liability on a claim, a plaintiff is entitled to relief for that claim. *See In re Catt*, 368 F.3d 789, 793 (7th Cir.

2004) ("Once the default is established . . . the plaintiff must still establish the entitlement to the relief he seeks.").

Several factors may be considered including whether grounds for default are clearly established: the amount of money requested, delays resulting in prejudice to the plaintiff, material issues of fact or substantial public importance, and whether the default is strictly technical. *Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008) (citing 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & Pro. Civ.* § 2685 (3d ed. 2007)). Here, all factors weigh in favor of Teamsters No. 142. Teamsters No. 142 requests neither an unprecedented nor alarming amount of money. Further, absent the judgment, Teamsters No. 142 would be prejudiced because it will have greater difficulty collecting the delinquent contributions without a judgment. This lawsuit also implicates no issues of public importance. Finally, and perhaps most importantly, Solid Asa's total failure to respond to this suit whatsoever amounts to more than a mere technicality – in other words, the default judgment is not based on some mere procedural oversight. And although the two months since initial service of the summons is a relatively brief period of litigation, such a total failure to defend has been held to be an adequate basis for default judgment in ERISA suits initiated only a few months prior. *See Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 64 (D.D.C. 2011).

In support of its claim that Solid Asa is liable for the dollar amounts claimed, Teamsters No. 142 cites 29 U.S.C. § 1145, requiring obligated employers to contribute funds pursuant to the terms of a collective bargaining agreement. Teamsters No. 142 submits its collective bargaining agreement with Solid Asa that explicitly requires contributions to the

funds, [DE 8, Ex. 1-A], and related trust agreement outlining the consequences of delinquent contributions [*Id.* at Ex. 1-D]. Additionally, Teamsters No. 142 has submitted numerous exhibits evidencing Solid Asa's delinquent contributions, best summarized by the affidavit of Jay Smith, Teamsters No. 142's fund manager. [*Id.* at Ex. 1.] Because Teamsters No. 142 properly alleges liability under 29 U.S.C. § 1145 and Solid Asa fails to contest the allegations, Solid Asa is liable for delinquent contributions.

A hearing to determine damages incident to default judgment is unnecessary where damages can be ascertained from documentary evidence or detailed affidavits in the record. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). A court must ascertain damages to a "reasonable certainty," *In re Catt*, 368 F.3d at 793, and the relief must not exceed what is demanded in the pleadings. Fed. R. Civ. P. 54(c).

Teamsters No. 142 requests an initial $77,634.19 for all delinquent contributions owed through December 2014. Jay Smith's affidavit and other exhibits submitted by Teamsters No. 142 support this amount. 29 U.S.C. § 1132(g)(2)(C)(i) authorizes and the evidence supports an additional award of $3,581.84 pursuant to the trust agreement's provision imposing interest rates on delinquent contributions. [DE 8, Ex. 1-D, at 13.] Additionally, 29 U.S.C. § 1132(g)(2)(C)(ii) authorizes liquidated damages of 20% of the delinquent funds, or $15,526.83. Finally, 29 U.S.C. § 1132(g)(2)(D) authorizes and the evidence supports an award of $3,182.85 in attorney's fees and costs, and $2,600 in auditing costs.

Accordingly, Teamsters No. 142 is awarded a total judgment of $102,525.71.

**CONCLUSION**

The Court **GRANTS** Teamsters No. 142's Motion for Default Judgment and Solid Asa is **ORDERED** to pay Teamsters No. 142 $102,525.71.

**SO ORDERED.**

ENTERED: May 28, 2015

                                            s/Philip P. Simon
                                            PHILIP P. SIMON, CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT